# Thompson *v.* Willard, Appellant.

*Contract—Option—Mines and mining—Notice of acceptance—Husband and wife.*

Where a husband and wife give an option for coal lands, and a written notice of the acceptance of the option is read to both of them in the presence of each other, and it is orally stated to them that the notice is for both, the husband cannot avoid the contract because the written notice was addressed to the wife alone.

Argued Oct. 21, 1907. Appeal, No. 167, Oct. T., 1907, by defendant, from decree of C. P. Greene Co., No. 81, in equity, on bill in equity in case of Josiah V. Thompson v. Emma R.

Willard, J. T. Willard, W. S. Throckmorton and J. W. Boileau. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for specific performance. Before TAYLOR, J., specially presiding.

From the record it appeared that on July 8, 1889, Emma R. Willard and J. T. Willard executed a coal option to W. S. Throckmorton.

The facts relating to the notice of the acceptance of the option were found by the court to be as follows:

4. That on June 28, 1900, and within the option period, Josiah V. Thompson caused notice in writing of his election to purchase the coal to be served personally on Emma R. Willard and J. T. Willard, although the written notice was addressed to Emma R. Willard only, in words and figures as follows, to wit:

"UNIONTOWN, PA., June 20, 1900.

"To EMMA R. WILLARD: You are hereby notified that I elect to purchase the coal, mining rights, etc., in the option given by you to W. S. Throckmorton, dated July 5, 1899, and assigned by him to me, for sale of your coal, etc."

The court filed an opinion which was in part as follows:

It is very clear to us that the Willards never intended to perform this contract if they could escape from complying with its terms. By an act of assembly which requires that a contract of a married woman for the sale of her separate real estate shall not be binding unless acknowledged by her she escapes performance, her husband, J. T. Willard, being called upon by the other party to the contract to perform his part thereof. When once the option is accepted within the optionary period, which is not denied, a party is bound to perform his written contract unless he could show some failure on the part of the other party to the contract that would release him. The only point raised by him for which he claimed he should be released from performing this contract is that the written notice, served upon him and his wife, dated June 28, 1900, is addressed alone "to Emma R. Willard;" but this notice Throckmorton, the party who served it, testi-

fies was read to the husband and wife, and a copy left with them at their residence on the date mentioned. It referred to " the option given by you to W. S. Throckmorton, dated July 8, 1899, and assigned by him to me for the sale of your coal, etc.," and further stipulated that he, Thompson, would have survey made and " will make abstract of title and prepare a deed as promptly as possible, you to furnish me your title papers, plots, etc., at once or send same to my attorney at Waynesburg, Pa.," verbally informing them of the name of the attorney. Here was a written notice within the time of the acceptance of the coal embraced in the option in which the husband and wife had joined. The purpose of the notice in writing to purchase was clearly made known to the parties to this option, and was such a notice under the contract as would hold Thompson to a specific performance of his contract as to the entire acreage embraced in said option. The said W. S. Throckmorton, who served said notice upon the date it purports to be served, testified that when he served the notice upon the Willards, both husband and wife, that when asked why Emma R. Willard's name alone appeared in said notice, replied that said notice was intended for both of them. This the Willards deny in their answer and deny on the stand, but the weight of the evidence is in favor of the contention on that point by Throckmorton. There was admittedly a copy of this notice left at the house of the Willards, the original being brought away by Throckmorton; and this explains the son of the Willards saying he found the notice lying upon the table after his departure.

On the whole case we are clearly of the opinion that the plaintiff in the bill is entitled to specific performance of this contract on the part of J. T. Willard.

*Error assigned* was decree of specific performance.

A. H. *Sayers*, with him *Joseph Patton*, for appellant, cited : Ledwith v. Reichard, 203 Pa. 277; Neill v. Hitchman, 201 Pa. 207; Smith v. Brinser, 1 Pa. Dist. Rep. 396; Marshal v. Sonneman, 216 Pa. 65.

James J. *Purman*, with him *Thomas S. Crago*, for appellee, cited : Green v. Rick, 22 W. N. C. 318; Stevens's App., 29

W. N. C. 453 ; Peabody Bldg. Assn. v. Houseman, 7 W. N. C. 193 ; Savings Bank's App., 10 W. N. C. 265 ; McConnell v. Lloyd, 9 Pa. Superior Ct. 25 ; Bradford v. Watkins, 7 East, 551 ; Pittsburg v. Fay, 8 Pa. Superior Ct. 269 ; Morgan v. Church, 3 Camp. 71 ; Glenn v. Thompson, 75 Pa. 389.

PER CURIAM, November 4, 1907 :

The facts which are decisive of this case appear in the opinion of the learned judge below and upon it the decree is affirmed.